# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER LYNN HAZEL,** )  )  **Plaintiff,** )  )  vs. )  )  **ALIMENTATION COUCHE-TARD,** )  **CIRCLE K STORES, INC., AND** )  **THE PANTRY, INC. d/b/a** )  **KANGAROO EXPRESS,** )  )  **Defendants.** ) | **CIVIL ACTION NO.:**   **JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

### I.   INTRODUCTION

1. Named Plaintiff Jennifer Lynn Hazel (hereinafter referred to as "Named Plaintiff" or "Hazel") has been employed in the position of store manager at Defendants' Kangaroo Express store located at 21195 Highway 25, Columbiana, Alabama 35051 within the past three years. She brings this action against Defendants Alimentation Couche-Tard, Circle K Stores, Inc. and The Pantry, Inc. d/b/a/ Kangaroo Express (hereinafter collectively referred to as "Defendants") for legal relief to redress unlawful violations of her rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 et. seq., and specifically seeks to utilize

1

the collective action provision of the Act found in §216(b) to remedy violations of the FLSA by Defendants, which has deprived Named Plaintiff and all other similarly situated store managers of their lawful wages.

2. Named Plaintiff Hazel is a current employee holding the title of Store Manager at Kangaroo Express, and until around April 2016, was misclassified by Defendants as an exempt salaried employee.

3. Defendants required Plaintiff Hazel and similarly situated misclassified exempt salary employees to work in excess of forty hours a week without paying them time and a half their regular rate of pay as required by the overtime provision of the FLSA.

## II. JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama 28 § U.S.C. §1391(b).

5. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this Lawsuit.

## III. PARTIES

6. Plaintiff Hazel resides in Chilton County, Alabama, and started her employment with Defendant January 2, 2014. She is presently employed by Defendants at its store operating at 21195 Highway 25, Columbiana, Alabama 35051. This store is located in Shelby County.

7. At all times material to this action, Plaintiff Hazel was an "employee" of Defendant as defined by §203(e)(1) of the FLSA.

8. Defendants are corporations conducting business in the State of Alabama. At all times material to this action, Defendants have been an integrated enterprise engaged in commerce or in production of goods for commerce as defined by §2013(s)(1) of the FLSA, and Defendants are Plaintiff's employers as defined by §203(d) of the FLSA.

9. At all times relevant to this action, Defendants employed Plaintiff in a position that required her to work more than forty hours per week.

10. The provisions set forth in §§206 and 207 of the FLSA apply to Defendants. All members of the plaintiff class herein were covered by §§206 and 207 of the FLSA while employed by Defendants.

IV. **RELEVANT FACTS**

11. Circle K is an international chain of convenience stores, founded in 1951 in El Paso, Texas, United States. It is presently owned and operated by the Canadian-based Alimentation Couche-Tard.

12. In 2014, Couche-Tard announced its acquisition of The Pantry, Inc. which operated many locations under the "Kangaroo Express" name.

13. Kangaroo Express, The Pantry's primary operating banner, operates more than 1,500 store locations in 13 states as the leading convenience store operator in the Southeastern United States.

14. Specifically, Kangaroo Express provides its customers a fast, friendly, and clean shopping environment in the following states (Exhibit A):

   a. Alabama – 110 locations

   b. Georgia – 102 locations

   c. Florida – 362 locations

   d. Louisiana – 28 locations

   e. Mississippi – 96 locations

   f. South Carolina – 237 locations

   g. North Carolina – 335 locations

   h. Tennessee – 93 locations

   i. Virginia – 41 locations

 **j.** Kentucky – 0 locations

 **k.** Indiana – 0 locations

 **l.** Missouri – 2 locations

 **m.** Kansas – 36 locations

15. Kangaroo Express operates a central website listing all of the above referenced locations under its "Fuel Services" page, and for all those locations has a common central customer feedback online form, a common "Contact" page for various categories including "Employment," (Exhibit B) as well as listing the Executive Office Address in Cary North Carolina.

16. Presently, Kangaroo Express' "Career Link" is expired, however, previously in 2014-2015, it lead to a common webpage titled "Working at The Roo," then later in 2015 lead to a Circle K webpage titled "Working With Us."

17. The Defendants organize the stores into districts, and its districts into regions under a centralized corporate command.

18. Defends expect Plaintiff and those holding the title of store manager to work a minimum of fifty hours per week, sometimes alone.

19. Plaintiff worked as a Store Manager and Defendants designated her as an exempt employee until around April 2016, paying her a salary based on a fifty hour work week. However, Plaintiff regularly and routinely worked more than fifty hours per week.

20. Prior to April 2016, Plaintiff did not receive overtime pay for hours over forty or fifty hours a week.

21. Store managers were not required to clock in and clock out prior to April, 2016.

22. Defendants misclassified Plaintiff and other similarly situated store managers as exempt employees under the Fair Labor Standards Act.

23. Plaintiff and other similarly situated store managers had the title of manager, but spent less than twenty percent (20%) of their time performing managerial duties.

24. Store managers, including Plaintiff, were required to provide adequate coverage for stores operated twenty four hours a week, seven days a week, in part by scheduling employees known as customer service representatives and store assistants, who were designated by the company as non-exempt from the overtime requirements of the FLSA.

25. On a weekly basis, Defendants tracked Store Managers' labor hours and costs against the assigned labor budget. Defendant evaluated store managers based on "labor performance," which measured store managers' ability to meet the stores' twenty-four hour staffing needs without scheduling or paying overtime to hourly employees.

26. Ensuring twenty-four hour coverage within the assigned labor budget was not possible solely by scheduling non-exempt employees, as the labor budget did not provide enough hours to cover all shifts twenty four hours per day, seven days per week. Accordingly, store managers could only maintain twenty-four hour coverage within the labor budget by working a significant number of shifts themselves.

27. In addition, Defendants were aware that oftentimes stores had "single coverage" and "peak" periods in which customers experienced significant wait times and would hold store managers responsible for ensuring no loss of sales, further constraining Store Managers' ability to spread out labor hours and remain within the labor budget without scheduling themselves to work significant numbers of hours.

28. As set forth above, Defendants' policies forced Plaintiff and similarly situated store managers to work non-traditional shifts or schedules often

far exceeding forty hours per week in which their primary duties were running the cash register.

29. When not transacting sales at the register, Plaintiff and other store managers were responsible for physically cleaning, stocking, and organizing the store while their customer service representatives manned the register.

30. Plaintiff and other similarly situated store managers spent greater than eighty percent (80%) of their time performing non-managerial duties, including but not limited to the following categories of non-exempt work, in addition to time spent operating the register:

   **a.** <u>Janitorial</u>:  inspecting, emptying, and transporting trash to a dumpster, retrieving new trash bags from a store room, and then relining the trash receptacles located outside the main entrance doors, pump islands, diesel islands, and car washes; inspecting, cleaning, and replenishing paper towels, washer fluids, and squeegees at pumps, which requires mixing washing solution in a mop bucket and retrieving replacement items from dry storage; inspecting, cleaning, and restocking restrooms, including but not limited to sweeping and

mopping; inspecting, sweeping, and mopping customer areas, including food aisles, display cases, and food storage areas.

   b. <u>Stocking/Food Preparation:</u> brewing coffee, restocking coffee cups, stirrers, filters, lids; washing, rinsing, and sanitizing up to four creamer dispensers before refilling; retrieving 2-3 boxes of powder creamer from the stock room at a time requiring 3 trips; restocking the roller grill by retrieving and transporting taquitos and hotdogs from the cooler to the roller grill; recording food waste and inventory updates; replenishing grill and sandwich warmer by retrieving and transporting sandwiches from the cooler; restocking any items taken from cooler with inventory from freezer and filling out paper work; restocking 8 soda coolers (9 rows across, 8 rows down, 20 drinks deep), as well as 4 beer coolers, (9 rows across, 7 rows down, 12 drinks deep), and the beer cave, and; disposing 5-6 bags of packaging trash.

31. Plaintiff and those holding the title of store manager were required to maintain the property outside of the store location, meaning emptying trash cans and sweeping the fuel bays and surrounding areas.

32. Plaintiff and those holding the title of store manager were also required to physically check fuel pumps and measure fuel tank levels.

33. During 2015, Kangaroo Express employees, including Plaintiff and other similarly situated store managers, were transitioned to Circle K payroll systems, and, as stated above, around April 2016 Plaintiff and other store managers were re-classified by Defendant as non-exempt from the overtime pay requirements of the Fair Labor Standards Act.

34. Since being converted to hourly pay, Plaintiff and similarly situated store managers in the "Gulf Coast" business unit are classified as non-exempt and therefore eligible for overtime at one and a half their base hourly rate for all hours worked over forty (40) hours during one week.

35. As non-exempt employees, Plaintiff and those holding the title of store manager are required to do the same work they had previously performed as exempt employees.

36. Defendant now requires Plaintiff and store managers to track their "non-register" manager hours, and then "on register" manager hours (also known as "Store Manager on Duty" hours).

37. Defendant's written job requirements include lifting or carrying up to fifty-five (55) pounds up from the ground to waist height, and routinely

lifting and/or carrying thirty (30) pounds from the ground over their heads, (stocking/maintaining inventory levels on the shelves, cooler, freezer, etc.); pushing and pulling with arms up to a force of twenty (20) pounds (utilizing a hand-truck), and sweeping and mopping the floors.

38. Plaintiff and those holding the title of store manager are still required to dispose of trash, clean bathrooms, and perform other janitorial work when working a shift alone, peak hours, or when they are scheduled to work with only one other employee, otherwise they are expected to transact sales at the register.

39. Defendants are joint employers.

40. Defendant Alimentation Couche-Tard and Defendant Circle K., Inc. are successors in interest to Defendant The Pantry, Inc., for the purpose of imposing liability under the FLSA.

41. Defendants intentionally failed and/or refused to pay Plaintiff and other similarly situated store managers according to the provisions of the FLSA.

42. For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation. Despite this knowledge, Defendants have failed to pay

named Plaintiff and similarly situated store managers the mandatory lawful overtime compensation as required by the FLSA.

43. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

44. Those similarly situated employees are known to Defendants and readily identifiable and locatable through Defendants' payroll and employment records. Specifically, all employees and former employees who during the last three years to present were titled Store Manager at Kangaroo Express would benefit from Court supervised notice and the opportunity to join the lawsuit.

45. In addition to the amount of unpaid wages owed to the Plaintiff and all others similarly situated, they are also entitled to recover an additional amount in liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

46. Defendants' actions were willful and in violation of the FLSA.

47. Defendants did not make a good faith effort to comply with the FLSA.

48. The named Plaintiff, and all other similarly situated store managers are also entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### FLSA CLAIM PURSUANT TO 216(B) OF THE FAIR LABOR STANDARDS ACT AND REQUEST FOR DECLARATORY JUDGMENT

49. Store managers in all of Defendants' stores perform similar duties and responsibilities and are governed by common policies, procedures, and job descriptions.

50. Store managers in all of Defendants' stores spend more than 85% of their time performing non-managerial functions, including, but not limited to selling merchandise, stocking, cleaning, preparing food items, etc.

51. Plaintiff and Defendants' store managers spend minimal time performing managerial duties when compared to time spent performing non-managerial duties.

52. The Plaintiff as well as all other similarly situated Kangaroo Express store managers were and are paid a specified weekly salary. The named Plaintiff as well as other similarly situated employees were and are not paid any overtime compensation, despite the fact that the employees worked well over the required 40 hours a week to entitle them to

overtime pay at time and one-half for all hours worked over 40 each week.

53. Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendants' actions, as described in this Complaint, are unlawful and in violation of the FLSA.

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated Kangaroo Express store managers, pursuant to §216(b) of the FLSA, prays for the following relief:

A.   At the earliest possible time, that she be allowed to give notice, or that the Court issue such Notice, to all Defendants' current or former Kangaroo Express store managers within the United States during the three years immediately preceding the filing of this suit, informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not purportedly compensated correctly pursuant to 29 U.S.C. 216(b);

B.   The class of plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of

liquidated damages pursuant to 29 U.S.C. §216(b), prejudgment interest, and post judgment interest;

    C.    Award Plaintiffs reasonable attorneys' fees, including the costs and expenses of this action.

    D.    Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendants' actions, as described in this Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA

    E.    Such other legal and equitable relief to which they may be entitled, and

    F.    Plaintiff further demands a trial by struck jury on all issues related to this cause.

    Respectfully submitted,

/s/ Daniel E. Arciniegas
Jon C. Goldfarb (asb-5401-f58j)
Daniel E. Arciniegas (asb-7809-d67a)
L. William Smith (asb-8660-a61s)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


**DEFENDANTS' ADDRESSES**:
**ALIMENTATION COUCHE-TARD**
**c/o CSC Lawyers Incorporation Service**
**150 South Perry Street**
**Montgomery, AL 36104**

**CIRCLE K STORES, INC.**
**c/o CSC Lawyers Incorporation Service**
**150 South Perry Street**
**Montgomery, AL 36104**

**THE PANTRY, INC. d/b/a**
**KANGAROO EXPRESS**
**c/o CSC Lawyers Incorporation Service**
**150 South Perry Street**
**Montgomery, AL 36104**