## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER LYNN HAZEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | |
| ) | **2:16-cv-00957-KOB** |
| **CIRCLE K STORES, INC.,** ) | |
| **AND THE PANTRY, INC. d/b/a** ) | |
| **KANGAROO EXPRESS,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Circle K Stores, Inc. and The Pantry, Inc. (collectively "Defendants"), pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, hereby file this First Amended Answer to Plaintiff Jennifer Lynn Hazel's ("Plaintiff") Complaint and answers and affirmatively defends as follows:

### I.  INTRODUCTION

1. Defendants admit that Plaintiff has been employed as a store manager at a Kangaroo Express store located at 21195 Highway 25, Columbiana, Alabama 35051 within the past three years. Defendants admit that Plaintiff seeks to bring this action as stated in the Complaint; however, Defendants deny Plaintiff has any actionable claims thereunder or Plaintiff is entitled to any damages from Defendants. Defendants deny the remaining allegations set forth in Paragraph 1.

2. Defendants admit that Plaintiff is currently employed as a store manager at a Kangaroo Express store. Defendants deny the remaining allegations set forth in Paragraph 2.

3. Defendants deny the allegations contained in Paragraph 3.

## II. JURISDICTION

4. Defendants admit Plaintiff seeks to invoke the federal jurisdiction of this Court pursuant to 28 U.S.C. §1331, but denies Plaintiff's claims are in any manner legally viable. Defendants further admit that Plaintiff contends venue is proper in the Northern District of Alabama. To the extent this paragraph of Plaintiff's complaint may be construed as containing factual allegations against Defendants, such allegations are denied.

5. Defendants admit that this Court has personal jurisdiction over the claims asserted against The Pantry, Inc. and Circle K Stores, Inc. for purposes of this lawsuit.

## III. PARTIES

6. Defendants admit Plaintiff began her employment with The Pantry, Inc. on or about November 14, 2013. Defendants admit that Plaintiff is currently employed by Circle K Stores, Inc. at a store operating at 21195 Highway 25, Columbiana, Alabama 35051, which is located in Shelby County. Defendants

deny that Plaintiff is a resident of Chilton County Alabama based on lack of information to justify a belief therein.

7. Paragraph 7 calls for a legal conclusion that Defendants are not required to admit or deny. However, to the extent Paragraph 7 contains factual allegations, Defendants admit that at certain time-periods identified in the Complaint, Plaintiff was an "employee" of either The Pantry, Inc. or Circle K Stores, Inc.

8. Paragraph 8 calls for a legal conclusion that Defendants are not required to admit or deny. However, to the extent Paragraph 8 contains factual allegations, Defendants admit that The Pantry, Inc. and Circle K Stores, Inc. are or have been corporations conducting business in the State of Alabama and engaged in commerce or the production of goods for commerce. The Pantry, Inc. and Circle K Stores, Inc. admit that they have employed Plaintiff during certain time-periods identified in the Complaint. Defendants deny that they are integrated enterprises.

9. Defendants deny the allegations contained in Paragraph 9.

10. Paragraph 10 calls for a legal conclusion that Defendants are not required to admit or deny. However, to the extent Paragraph 10 contains factual allegations, Defendants deny the allegations contained in Paragraph 10.

## IV.     RELEVANT FACTS

11.    Defendants admit the allegations contained in Paragraph 11.

12.    Defendants admit the allegations contained in Paragraph 12.

13.    Defendants admit that Kangaroo Express has been The Pantry, Inc.'s primary operating banner and that The Pantry, Inc. has operated multiple store locations in multiple states in the Southeastern United States. Except as admitted, Defendants deny the remaining allegations contained in Paragraph 13.

14.    Defendants admit that one of Kangaroo Express's goals was to provide customers a fast, friendly and clean shopping environment at all of its locations.  Except as admitted, Defendants deny the remaining allegations contained in Paragraph 14, including but not limited to the reference to an "Exhibit A" that was not attached to the Complaint.

15.    Defendants admit that The Pantry's Inc.'s corporate headquarters was in Cary, North Carolina and that Circle K Stores, Inc. operates a website that identifies its locations, allows customer feedback, and contains contact and employment information.  Defendants deny the remaining allegations contained in Paragraph 15, including but not limited to the reference to an "Exhibit B" that was not attached to the Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 for lack of sufficient information to justify a belief therein.

4

17. Defendants admit that The Pantry, Inc. and Circle K Stores, Inc. have districts and regions. Defendants deny the remaining allegations contained in Paragraph 17.

18. Defendants admit that Plaintiff often worked approximately fifty hours per week. Defendants deny the remaining allegations contained in Paragraph 18.

19. Defendants admit that before April 21, 2016, Plaintiff worked as an FLSA-exempt Store Manager. Defendants further admit that Plaintiff received a salary during this time period and that Plaintiff often worked approximately fifty hours per work week. Defendants deny the remaining allegations contained in Paragraph 19.

20. Defendants admit that as an FLSA-exempt store manager, Plaintiff received a salary that included pay for all hours worked. Defendants admit that prior to April 2016, Plaintiff was not entitled to overtime pay and that Defendants did not pay Plaintiff overtime pay.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants admit that Plaintiff has been responsible for managing her assigned store and that her assigned store operated 24 hours, seven days a week.

Defendants deny that Plaintiff worked or was on-call 24 hours, seven days a week. Defendants admit that Plaintiff has been responsible for scheduling the employees she supervised and that Plaintiff exercised her discretion to manage the employees' schedules to ensure appropriate staffing. Defendants further admit that Plaintiff has supervised and controlled the schedules of numerous employees, including customer service representatives and store assistants. Defendants admit that customer service representatives and store assistants were classified as FLSA non-exempt. Defendants deny the remaining allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25 as stated. Defendants admit that it tracked the hours of its employees and utilized a labor budget. Except as admitted, Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29 as stated. Defendants admit that, at certain times, Plaintiff may have cleaned, stocked, or organized her store, but Defendants deny that such tasks were Plaintiff's primary duty. Except as admitted, Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31 as stated. Defendants admit that, at certain times, Plaintiff may have emptied trash cans and swept the fuel bays, but Defendants deny that such tasks were Plaintiff's primary duty. Except as admitted, Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32 as stated. Defendants admit that, at certain times, Plaintiff may have checked fuel pumps and/or measured fuel tank levels, but Defendants deny that such tasks were Plaintiff's primary duty. Except as admitted, Defendants deny the allegations contained in Paragraph 32.

33. Defendants admit that in 2015, The Pantry Inc. employees, including Plaintiff, became employees of Circle K Stores, Inc. Defendants further admit that beginning April 22, 2016, Circle K Stores, Inc. employed Plaintiff as an FLSA-non-exempt store manager. Except as admitted, Defendants deny the remaining allegations of Paragraph 33.

34. Defendants admit that since April 22, 2016, Circle K Stores, Inc. employed Plaintiff as an FLSA non-exempt store manager and paid Plaintiff overtime at one and a half her base hourly rate for any work over forty (40) hours in one week. Defendants further admit that Circle K Stores, Inc. pays FLSA non-

exempt employees overtime at one and a half their base hourly rate for all hours worked over forty (40) hours during one week. Except as admitted, Defendants deny the remaining allegations of Paragraph 34.

35. Defendants admit that as an FLSA non-exempt store manager, Plaintiff performed work similar to the work she performed as an FLSA exempt store manager. Except as admitted, Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants admit that Circle K Stores, Inc. requires employees to track their hours worked and include codes on their time sheet. Except as admitted, Defendants deny the remaining allegations contained in Paragraph 36.

37. Defendants admit that its written job description details certain physical requirements, including lifting and carrying requirements per specific work task. Except as admitted, Defendants deny the remaining allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38 as stated. Defendants admit that, at certain times, Plaintiff may have disposed of trash, cleaned bathrooms, performed janitorial work, and/or transacted sales at the register, but Defendants deny that such tasks were Plaintiff's primary duty. Except as admitted, Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Paragraph 40 of the Complaint calls for a legal conclusion that Defendants are not required to admit or deny. However, to the extent Paragraph 40 contains factual allegations, Defendants deny the allegations.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants admit that they are aware of the FLSA and its corresponding regulations. Defendants deny the remaining allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44 except that Defendants admits it has maintained payroll and employment records as required by law.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

**FLSA CLAIM PURSUANT TO 216(B) OF THE FAIR LABOR STANDARDS ACT AND REQUEST FOR DECLARATORY JUDGEMENT**

49. Defendants admit that some of The Pantry, Inc. and Circle K Stores, Inc.'s store managers may have performed common job duties and may be subject to policies, procedures, and/or job descriptions that may be common, but Defendants deny that the job duties, policies, procedures, and/or job descriptions

9

cause the store managers to be similarly situated to each other. Defendants deny the remaining allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants admit that during Plaintiff's employment with The Pantry, Inc., The Pantry, Inc. paid Plaintiff a specific weekly salary and did not pay Plaintiff overtime in addition to the salary. Except as admitted, Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act. Defendants deny that Plaintiff is entitled to any relief or a declaratory judgment under the Declaratory Judgment Act. Defendants deny the remaining allegations in Paragraph 53.

Defendants deny the unnumbered paragraph in the Complaint that begins with "WHEREFORE" on Page 14 of the Complaint and continues to Subparagraph F on Page 15 of the Complaint. Defendants deny that Plaintiff is entitled to any of the requested relief contained in the Complaint, including but not limited to Plaintiff's request for collective notification procedures, damages, attorneys' fees, declaratory judgment, legal and/or equitable relief, and/or a jury trial.

Except as specifically admitted above, Defendants deny each and every fact, matter or allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not be alleged herein, insofar as sufficient facts are not available after reasonable inquiry upon the filing of Defendants' Answer, and, therefore, Defendants reserve the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by all applicable statutes of limitation, including but not limited to 29 U.S.C. § 255.

## THIRD AFFIRMATIVE DEFENSE

With respect to some, or all claims brought by Plaintiff, Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful, and as such, the statute of limitations can be no longer than two years under 29 U.S.C. § 255(a).

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and others with whom Plaintiff is allegedly "similarly situated," fail because Plaintiff and those allegedly similarly situated are exempt from the overtime provisions of the FLSA pursuant to the executive and/or administrative exemptions or otherwise provided for by law.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole, or in part because Defendants' alleged acts and/or omissions, if any, giving rise to Plaintiff's claims, were in good faith and Defendants had reasonable grounds to believe that their acts and/or omissions were lawful.

## SIXTH AFFIRMATIVE DEFENSE

The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendants' liability and/or damages, if any, to Plaintiff and others with whom Plaintiff is allegedly "similarly situated" on a group or aggregated basis because to do so would deny and deprive Defendants of due process.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, and others with whom Plaintiff is allegedly "similarly situated," is estopped from pursuing the claims set forth in the Complaint by reason of her own

acts, omissions, and course of conduct, including, but not limited to, her failure to accurately record and report her time.

## EIGHTH AFFIRMATIVE DEFENSE

Some, or all, of the disputed time for which Plaintiff, and others with whom Plaintiff is allegedly "similarly situated," involves wages purportedly owed for time that is not compensable under the de minimis doctrine and rounding regulations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff, and others with whom Plaintiff was allegedly "similarly situated," may not recover liquidated damages because (i) Defendants (including its respective officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants (including its respective officers, managers, and agents) did not authorize or ratify any willful violation with respect to Plaintiff, and others with whom she is allegedly "similarly situated;" and (iii) Plaintiff, and others with whom Plaintiff is allegedly "similarly situated," has failed to plead facts sufficient to support recovery of such damages.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff, and others with whom Plaintiff is allegedly "similarly situated," is entitled to damages, Defendants are entitled to a credit for, or set off

against, amounts overpaid to Plaintiff in the course of Plaintiff's employment, as well as a credit for overtime and other premium payments already made to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred in whole, or in part, by the doctrine of payment because (i) Plaintiff and others with whom Plaintiff is allegedly "similarly situated" was properly compensated for all time worked in accordance with the FLSA, and (ii) Plaintiff and others with whom Plaintiff is allegedly "similarly situated" was paid for additional time including, without limitation, time paid but not worked by Plaintiff and premium payments under the FLSA.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, and others with whom she is allegedly "similarly situated," may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action, under 29 U.S.C. §216(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not suffer or permit some or all of the work for which Plaintiff alleges that Plaintiff was not properly compensated.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others with whom Plaintiff is allegedly "similarly situated" have been paid all wages due in compliance with federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and any recovery thereon is barred by the doctrines of waiver, estoppel, latches, and unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others with whom Plaintiff is allegedly "similarly situated" have failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

By reasons of Plaintiff's own actions and course of conduct, Plaintiff has waived the right, if any, to pursue Plaintiff's claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. 251 et seq. because Plaintiff seeks to recover damages for activities allegedly worked that were not compensable under the FLSA and were not an integral and indispensable part of Plaintiff's principal activities, including non-compensable activities that were preliminary or postliminary to Plaintiff's principal activities.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for hours allegedly worked by Plaintiff without Defendants' actual or constructive knowledge.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any additional alleged overtime pay, she would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to mandatory and binding arbitration, and they should be dismissed with prejudice or, in the alternative stayed pending resolution in binding arbitration.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent discovery reveals additional affirmative defenses, Defendants reserve the right to amend this Answer to assert additional affirmative defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint as to the claim and cause of action contained therein, Defendants respectfully requests that the Court enter a judgment in Defendants' favor and against Plaintiff and dismiss this case in its entirety with prejudice; that Defendants be granted an award of attorneys' fees, costs, and expenses in defending these meritless claims; and pray for any other relief the court deems reasonable and proper.

Respectfully submitted,

/s/ Josh C. Harrison
Christopher W. Deering (ASB-5555-I71C)
Josh C. Harrison (ASB-3775-O76H)
OGLETREE, DEAKINS, NASH,
　SMOAK & STEWART, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
christopher.deering@ogletreedeakins.com
josh.harrison@ogletreedeakins.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

Daniel E. Arciniegas
Jon C. Goldfarb
L. William Smith
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Counsel for Plaintiff

                                                /s/ Josh C. Harrison
                                                Of Counsel